UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUIS CALDERON,

           Petitioner,

    v.

KRISTI NOEM, et al.,,

           Respondent.

CASE NO. 2:26-cv-00352-BAT

**ORDER GRANTING PETITION IN PART AND DENYING IN PART**

    Before the Court is Petitioner's second § 2241 petition for writ of habeas corpus. Petitioner asks the Court to order his immediate release because (1) he was redetained without prior written notice and a hearing before a neutral decisionmaker in violation of the Fifth Amendment; (2) the *Laken Riley Act* (LRA) violates the presumption of innocence and thus due process; (3) the LRA violates Petitioner's Sixth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and release rather than a bond hearing should be ordered because Petitioner was redetained in violation of his constitutional rights. Dkt. 1.

## BACKGROUND

    This is the second time Petitioner argues the Court should order his immediate release on the grounds he was not provided written notice and a hearing before he was redetained in April 2025, following his arrest for theft in California. *See Calderon v. Noem*, 2:25-cv-2136-LK-TLF,

Dkt. 1 at 10 (hereafter *Calderon I*). In *Calderon I*, Petitioner conceded he was subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)(ii) when he was redetained in April 2025 based upon his arrest for theft but argued the Court should order his immediate release because the charges were later dismissed. The Honorable Lauren King found the "the threshold question here is whether due process required Respondents to provide Mr. Calderon with a predeprivation hearing in April 2025, when it is undisputed that the LRA applied to him. *See Calderon I*, Dkt. 14 at 8 (decision order). Judge King held "Mr. Calderon agrees that the LRA applied to him at the time of his detention and does not raise a constitutional challenge to the LRA. Accordingly, a pre-detention hearing could have had only one outcome: detention." *Id.* at 14. After weighing the *Mathews v. Eldridge,* 424 U.S. 319, 334 (1976) factors, the Court held "the lack of a pre-detention hearing did not violate Mr. Calderon's procedural due process rights." *Id* at 15.

Judge King also held whether Petitioner remains subject to mandatory detention under the LRA after the theft charges were dismissed was not an issue before the Court because Petitioner failed to properly raise it. Judge King denied the habeas petition and stated: "to the extent that Mr. Calderon wishes to challenge his **current** detention, he is free to file a new habeas petition pursuant to Section 2241." *Id.* at 15 (emphasis added).

## DISCUSSION

In his present habeas petition, Petitioner does contest that when he was redetained in April 2025 he was subject to mandatory detention under the LRA. The LRA requires the attorney general to take into custody aliens:

> charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person, when the alien is released, without regard to whether the alien is released on

ORDER GRANTING PETITION IN PART
AND DENYING IN PART - 2

> parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1)(E)(II).

However, Petitioner again argues he should be released for a variety of reasons.

### A. Due Process Right to Written Notice and Hearing in all Redetention Cases

Petitioner argues before Respondents can redetain him, due process requires Respondents give him written notice and a hearing before a neutral decision maker in which Respondents must show he is a flight risk or danger to the community. Dkt.1 at 12. Petitioner made this argument in *Calderon I* (Dkt. 1 at 10) and Judge King issued an order rejecting it. The Court similarly rejects the argument.

The parties spar over whether the abuse of the writ doctrine bars Petitioner from again arguing his due process rights were violated when he was redetained. Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim. *Alaimalo v. U.S.* 645 F.3d 1042, 1049 (9th Cir. 2011) (citation omitted).

Plaintiff incorrectly argues the abuse of the writ doctrine is inapplicable to § 2241 habeas petitions, as the Court of Appeals has clearly applied it to § 2241 cases. *See Burke v. Colbert*, 2025 WL 89115 (9th Cir. Jan. 14, 2025)("The district court correctly concluded that this claim is barred by the abuse of the writ doctrine because he raised it in his first § 2241 petition.").

The abuse of the writ doctrine applies because the redetention issue Petitioner again raises was explicitly addressed and rejected by Judge King. The Court finds Petitioner has failed to show cause for reraising issues decided by Judge King and further finds no basis to deem

ORDER GRANTING PETITION IN PART
AND DENYING IN PART - 3

1  Judge King's earlier decision is clearly erroneous; the Court in fact agrees with Judge's King's

2  determination and would reject the argument, on the merits. The Court also finds no intervening

3  controlling authority requires reconsideration of Judge King's determination, substantially

4  different evidence is now before the Court, or a fundamental miscarriage of justice would occur.

5        Judge King did invite Petitioner to file another habeas petition, but the invitation was

6  directed to the claim of whether Petitioner's continued detention, following dismissal of his theft

7  charge, violated the law. As Judge King specifically determined Petitioner's due process rights

8  were **not** violated when Petitioner was redetained without prior written notice and a hearing prior

9  to redetention, the Court declines to grant habeas relief on this basis.

10  **B.**     **Violation of the Presumption of Innocence**

11        Petitioner argues the LRA is unconstitutional because it "effectively eliminates the

12  fundamental procedural safeguard of the presumption of innocence" citing U.S. v. *Salerno*, 481

13  U.S. 739 (1987), *Taylor v. Kentucky*, 436 U.S. 478 (1978), *In re Winship*, 397 U.S. 358 (1970),

14  and *Estelle v. Williams*, 425 U.S. 501 (1976). Dkt. 1 at 6.

15        The Court finds none of these cases Petitioner cites support his argument. Each case

16  involved the rights accorded to defendants in a criminal case. The Court in *Salerno* addressed

17  whether the federal bail reform act violate due clause of the Fifth Amendment and the Eighth

18  Amendment Excessive Bail clause and found it did not. The Court in *Taylor* addressed the

19  Fourteenth Amendment requirement jurors in a criminal case be instructed as to both the

20  government's burden of proof and the presumption of innocence. The Court in *Winship*

21  addressed whether due process requires proof beyond a reasonable doubt "during the

22  adjudicatory state when a juvenile is charged with an act that would constitute a crime. *In re*

23  *Winship*, 397 U.S. at 359. And the Court in *Estelle* addressed whether a criminal defendant who

ORDER GRANTING PETITION IN PART
AND DENYING IN PART - 4

is forced to wear identifiable prison clothing at a jury trial is denied due process or equal protection of the laws.

None of these cases involved civil proceedings and none discussed or mentioned whether the presumption of innocence is applicable to noncriminal matters such as Petitioner's civil detention. Unsurprisingly, Plaintiff cites no legal authority holding the "presumption of innocence" applies to a civil proceeding such as his, as it clearly does not. *See Estelle v. Williams*, 452 U.S. 501, 503 (1976) (The presumption of innocence is a basic component of our criminal justice system.); *United States v. Scott*, 450 F.3d 863, 883 (9th Cir. 2006) ("[T]he presumption of innocence is a doctrine that allocates the burden of proof in criminal trials...."); *Rosenthal v. Justices of the Supreme Court of California*, 910 F.2d 561, 564 (9th Cir. 1990) (lawyer disciplinary proceedings are not criminal proceedings and the protections afforded criminal defendants such as presumption of innocence are inapplicable); *Olympus Spa v. Armstrong*, 2023 WL 7496382 at * 5 (W.D. Wash., Nov. 13, 2023) (Plaintiff presents nothing showing due process guarantees a presumption of innocence in a civil proceeding); *Colombo v. Palo Alto Unified School District*, 2024 WL 6840045 at * 4 (N.D. Cal. Dec. 13, 2024) (The presumption of innocence is a basic component of a fair trial under our system of criminal justice, but it does not follow Plaintiff was entitled to a presumption of innocence in an internal District investigation); *Waters v. Hollywood Tow Service*, 2010 WL 11465238 at * 21 (C. D. Cal. July 27, 2010) (Plaintiff's claim he was denied the presumption of innocence does not state a due process claim because parking fines are civil, not criminal, penalties); *Brignac v. Clark County School District*, 2025 WL 1556054 at * 3 (D. Nev. May 30, 2025) (Plaintiff's claim the district's policies violate due process because they deprive students of the "right to be innocent until proven guilty" is meritless).

Petitioner also cites *Bell v. Wolfish*, 441 U.S. 520 (1979) in support of the argument the LRA "eliminated" his right to be presumed innocent and resulted in immigration detention even if he was deemed not a danger to the community or a flight risk by the state authorities when they released him from custody following his theft arrest. *Bell* addressed whether a criminal defendant's pre-adjudication conditions of confinement violated due process because they amounted to "punishment." Petitioner likens mandatory detention under the LRA as impermissible punishment because detention is imposed "prior to an adjudication of guilt in accordance with due process." Dkt. 1 at 6. *Bell* does not support this rationale. The Court in *Bell* did not hold the presumption of innocence applied to civil matters. Moreover, *Bell* acknowledged the presumption of innocence does **not** bar pretrial detention of a criminal defendant who is presumed innocent, and the fact of detention "does not convert the conditions or restrictions of detention into punishment" *Bell* at 537. Hence the argument the LRA is unconstitutional under *Bell* because it eliminates the presumption of innocence and requires noncitizens be detained when arrested, but not yet convicted, for theft fails. *Bell* acknowledged the validity of detention even for individuals who had not yet been convicted and who were presumed innocent. Hence, the Court cannot rely upon *Bell* to hold noncitizens cannot be detained under the LRA unless they have been convicted of an offense specified under the Act.

The Court also rejects Petitioner's presumption of innocence argument that since state authorities involved in his arrest for theft released him, they therefore found Petitioner is not a danger to the community or a flight risk, and therefore detention under the LRA is unconstitutional. There is nothing in the record establishing state authorities ever found Petitioner is not a danger to the community or a flight risk. The record shows Respondents placed an immigration detainer on Petitioner on the day he was arrested. This suggests Petitioner

ORDER GRANTING PETITION IN PART
AND DENYING IN PART - 6

was remanded to federal immigration custody, and not simply released by state authorities. Respondents also submitted evidence Petitioner has had numerous arrests, and has been convicted of several prior crimes, all of which cuts against any finding he is not a flight risk or a danger to the community. And lastly, Petitioner presents no authority establishing a state court decision to release or detain a person affects the constitutionality of the LRA.

### C. Violation of the Sixth Amendment

Petitioner also argues the LRA violates his liberty interests under the due process clause;[1] his Sixth Amendment rights to a "speedy and public trial by an impartial jury" and his right to a unanimous jury finding, beyond a reasonable doubt, to any fact that increases his exposure to punishment. Dkt. 1 at 6-7. Petitioner reasons before the LRA was enacted, noncitizens were not subject to mandatory detention merely because they were arrested or charged with an offense. Thus, Petitioner contends the LRA "increases a noncitizen's exposure to penalty in the form of mandatory detention by expanding the list of triggering crimes that did not even have to result in a conviction" and exposes him to detention, an "increased penalty" even though such a penalty should be imposed only if the facts supporting it are "submitted to a jury and proven beyond a reasonable doubt" as required by *Apprendi*. Dkt. 1 at 8.

The *Apprendi* decision is inapplicable because it addressed criminal penalties and held under the Sixth Amendment, other than the fact of a prior conviction, any fact increasing the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. *See also Blakely v. Washington,* 542 U.S. 296, 306 (2004) (criminal sentence "derives wholly from the jury's verdict."). The Sixth Amendment "guarantees

---

[1] As discussed above, Judge King rejected Petitioner's argument due process requires notice and a hearing before he can be redetained. The Court accordingly declines to revisit the argument.

ORDER GRANTING PETITION IN PART
AND DENYING IN PART - 7

the rights of criminal defendants" not the rights of civil litigants. The Amendment's application to Petitioner's case, under *Apprendi,* and his speedy trial claim which also derives from the Sixth Amendment, is thus not only a poor fit, but no fit at all.

### D. Irreparable Injury

Plaintiff argues he suffers irreparable injury because "his physical liberty continues to be restrained, and no just cause for doing so can be specified." Dkt. 1 at 19. He argues Judge King found the LRA ceased to require mandatory detention once Petitioner's criminal charges were dropped because he was no longer a noncitizen charged with one of the listed crimes set forth in § 1226(c) filed. *Calderon I, Order*, Dkt. 14 at 15.

As to the remedy for his current detention, Petitioner acknowledges he could seek a bond hearing but argues the Court instead should immediately release him because he was redetained in violation of the constitution. The argument fails because as discussed above, the Court adopts Judge King's determination that Petitioner's due process rights were not violated when he was redetained because his detention was mandated under § 1226(c). The argument also fails because the Court rejects Petitioner's arguments the LRA provisions are unconstitutional because they violate his right to be presumed innocent, his Sixth Amendment right that a jury determine facts that increase a criminal penalty, and his Sixth Amendment right to a speedy trial. As discussed above, these rights attach to defendants in a criminal case, not a claimant such as Petitioner in a civil matter.

While Petitioner has not specifically requested the Court order a bond hearing, he did request the Court grant "such other relief as may be just and reasonable." Dkt. 1 at 20. The Court finds it just and reasonable to direct Respondents to provide Petitioner with a bond hearing. This is because Petitioner was charged with misdemeanor theft. The nature of the charge does not on

its face suggest Petitioner is a danger or a flight risk. Additionally, there is no dispute this charge was dismissed. This removes Petitioner from the category of noncitizens who must be mandatorily detained and further suggests there is the possibility that his arrest and the charges were unfounded. It is thus just and reasonable for Petitioner to be provided a bond hearing so an immigration judge can make factual determinations and determine whether Petitioner should be released or detained further.

The Court accordingly **ORDERS**:

1. Petitioner's request for immediate release on the grounds that he was redetained in violation of the law and the constitution, and because the LRA is unconstitutional as applied to him is **DENIED.**

2. Respondents **SHALL PROVIDE** Petitioner a bond hearing before an immigration law judge no later than **March 24, 2026** and file a certification the bond hearing was afforded, no later than **March 27, 2026**.  If Petitioner waives or elects not to proceed with a bond hearing, he shall file a certification to that effect. Because the misdemeanor theft charge was dismissed, Respondent shall bear the burden to at the bond hearing show Petitioner is a danger or risk of flight by clear and convincing evidence.

3. The Court **DENIES** Petitioner's request the Court declare in **all** circumstances redetention is impermissible unless notice and a hearing are provided.

4. Petitioner may file a motion for fees and costs no later than 30 days from the date of this order and note it pursuant to the Court's local rules.

DATED this 24th day of February, 2026.

                                                                _____
                                                                 BRIAN A. TSUCHIDA
                                                                 United States Magistrate Judge